IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ILIANA VOLARIC,**

    **Plaintiff,**

vs.                                                                        Case No. 4:06cv201-SPM/WCS

**DIRECT MERCHANTS BANK,**
**LAW OFFICES OF ERSKINE & FLEISHER,**
**ANDREW J. FLEISHER,**
**JOHN AND JANE DOE, et al.,**

    **Defendants.**

_____/

## O R D E R

Plaintiff, proceeding *pro se*, has filed a civil complaint and demand for a jury trial. Doc. 1. Plaintiff paid the filing fee at the time of case initiation, and the Court's electronic docket indicates that summons were issued to Plaintiff. Because Plaintiff paid the filing fee, the Court is not obligated to review the complaint for frivolity prior to service. Thus, this order is entered to advise Plaintiff that she is obligated to serve the complaint on the named Defendants within 120 days after filing the complaint pursuant to Fed. R. Civ. P. 4(c), (m). That date is hereby extended to 120 days from the date this order is entered on the docket.

Plaintiff is responsible for making the necessary copies of her complaint for service purposes. One identical copy of the complaint must be provided to each named Defendant. FED. R. CIV. P. 4. In light of Plaintiff's *pro se* status, she will be provided information concerning service.

To effect service of process, Defendants must receive a copy of the complaint as well as a summons which appears to have already been issued by the Clerk of the Court. It is Plaintiff's responsibility[1] to serve each Defendant with a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Formal service of process requires that a defendant be personally delivered a copy of the complaint and summons. Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action. This type of formal service will be explained more fully below.

Alternatively, Rule 4(d) allows Plaintiff the option of sending a defendant[2] a notice of the commencement of the action and a request that the defendant waive formal service of process. If the defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve that defendant and the defendant may be liable for the costs of formal service. Plaintiff should thoroughly review Rule 4 before attempting service by either of the above methods.

Plaintiff has named Direct Merchants Bank and the Law Offices of Erskine & Fleisher as two of the Defendants in this case. Both of these Defendants appear to

---

[1] Plaintiff may file a motion requesting assistance. Fed. R. Civ. P. (c)(2).

[2] Rule 4(d) does not apply when the defendant is a state, municipal corporation, or governmental organization. See FED. R. CIV. P. 4(j)(2.

Case No. 4:06cv201-SPM/WCS

corporations subject to service pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.  Formal, personal service on this Defendant under Rule 4(h) requires delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . ." Fed. R. Civ. P. (4)(h)(1).  Rule 4(h) also permits service upon a corporation in the manner also prescribed for individuals as set forth in Rule 4(e)(1), (if waiver of service has not been obtained).

Under the provisions regarding service upon an individual (Rule 4(e)(1)), service may be effected pursuant to the law of the State of Florida.  The relevant statutory provision in the State of Florida indicates that service upon a corporation may be made on the: (a) president or vice president, or other head of the corporation; (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;  (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or  (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state." FLA. STAT. § 48.081(1).  Additionally, service may be effected by service upon the corporation's designated registered agent.  *See* Fla. Stat. § 48.081(3); *see also* § 48.091.[3]

---

[3] Pursuant to FLA. STAT. § 607.0501(1), every corporation must have a registered office and registered agent.  The registered agent must be on file with the Florida Department of State.  FLA. STAT. § 607.0501(3).

Case No. 4:06cv201-SPM/WCS

Service on individuals pursuant to Rule 4(e) requires delivering "a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(e)(2).  Service on an individual may also be carried out pursuant to the law of the State of Florida.  FED. R. CIV. P. 4(e)(1).

Accordingly, it is hereby **ORDERED:**

1.  The docket shall reflect that there are three named Defendants in this action (not including the John and Jane Doe Defendants): Direct Merchants Bank, Erskine & Fleisher Law Firm, and Andrew D. Fleisher, Esquire.  Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2.  If summons have not already been provided to Plaintiff, the Clerk of Court shall forthwith issue a summons for each of the named Defendants and deliver the summons to Plaintiff along with this order.  Plaintiff is responsible for prompt service of the summons and complaint upon the Defendants.  The Clerk shall also forward to Plaintiff sufficient copies of Form 1A to be used if Plaintiff decides to serve the complaint under Fed. R. Civ. P. 4(d) (waiver of formal service).

3.  After a response to the complaint has been filed by the Defendant(s), Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a "certificate of service" which states the date a correct copy of the paper was mailed to the Defendant or to the

attorney representing the Defendant.  After a response to the complaint has been filed by the Defendant, any paper submitted for filing which does not contain a "certificate of service" shall be returned by the Clerk's Office and disregarded by the Court.

    4.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to the Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, she should sign the form and forward it to counsel for Defendants, who shall return it to the Clerk only if the Defendants consent.[4]

    5.  The Clerk of Court shall return this file to the undersigned upon receipt of an answer to the complaint or other response from the Defendants, upon the filing of either an executed or unexecuted summons, or no later than July 31, 2006.

    **DONE AND ORDERED** on May 1, 2006.

    **s/     William C. Sherrill, Jr.**
    **WILLIAM C. SHERRILL, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

---

[4] Obviously, this form cannot be provided to opposing parties until after service of process is complete and Defendants have entered an appearance in this case.

Case No. 4:06cv201-SPM/WCS