# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ILIANA VOLARIC,**

    **Plaintiff,**

vs.                                                          **Case No. 4:06cv201-SPM/WCS**

**DIRECT MERCHANTS BANK,**
**LAW OFFICES OF ERSKINE & FLEISHER,**
**ANDREW J. FLEISHER,**
**JOHN AND JANE DOE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil complaint, doc. 1, and an order was entered on May 1, 2006, directing Plaintiff to serve the complaint. Doc. 5. The docket indicates that summons were issued to Plaintiff, doc. 3, and Plaintiff was advised that she had to serve the complaint within 120 days of that order. Doc. 5. When nothing had been filed in the case indicating that service had been carried out, an order was entered on August 1, 2006, as a courtesy to Plaintiff. Doc. 6. That order reminded Plaintiff "that she must serve the complaint within the time period established by Fed. R. Civ. P. 4(m), or a recommendation will be entered that this case will be dismissed for

Plaintiff's failure to prosecute this action and failure to obey a court order." *Id.* Plaintiff was directed to demonstrate by August 30, 2006, that service had been carried out on each Defendant. *Id.* The order advised Plaintiff that the 120-day deadline from the May 1st order directing service was August 29, 2006. *Id.*

No response to any of those orders has been received from Plaintiff. Indeed, the last time anything was received in this case from Plaintiff was when she filed the complaint on April 25, 2006. Doc. 1.

The local rules of this Court provide that a case may be dismissed for want of prosecution whenever it appears that no filing has occurred for more than ninety (90) days in any civil action. N.D. Fla. Loc. R. 41.1(A). More than 90 days have elapsed. Furthermore, because it does not appear that service of process was completed and Plaintiff has had more than 120 days to serve this action on Defendants, the case also should be dismissed under FED. R. CIV. P. 4(m).

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Moreover, Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). Since Plaintiff has failed to comply with an order or to prosecute this case, the complaint should be dismissed without prejudice.

Plaintiff shall have a 15 day period after service of this report and recommendation in which to file objections. This will also afford Plaintiff a final opportunity to show good cause for her failure to respond. Plaintiff may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

Case No. 4:06cv201-SPM/WCS

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** **without prejudice** for failure to prosecute, and for failure to demonstrate that Defendants were served with process within 120 days pursuant to FED. R. CIV. P. 4(m).

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2006.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**